## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN SECO DE LUCENA,            ) | |
|                  Petitioner/Defendant,    ) | |
|                                  ) | CIVIL NO. 06-cv-174-DRH |
| vs.                              ) | |
|                                  ) | CRIMINAL NO. 99-cr-30216 |
| UNITED STATES of AMERICA ,    ) | |
|                  Respondent/Plaintiff.       ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

       This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

       Section 2255 provides, in pertinent part:

    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

        (1) the date on which the judgment of conviction becomes final;

        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

       "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme]

Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1079 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, . . . , is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

In the instant case, the Petitioner was sentenced on May 29, 2001. On December 14, 2001, the Seventh Circuit Court of Appeals granted counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismissed the appeal. Petitioner did not file a petition for writ of certiorari to the Supreme Court. Therefore, for purposes of § 2255, the Petitioner's conviction became final on March 10, 2002.

Petitioner filed the instant motion on February 27, 2006. Thus, the Petitioner's judgment of conviction was final for almost four years prior to the filing of his motion under § 2255, and he filed this motion almost three years too late. Therefore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion.

Accordingly, Petitioner's section 2255 motion is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED: April 26, 2006**

/s/     David   RHerndon
**DISTRICT JUDGE**